IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRACY JACKSON,	)
EMMANUEL ROGERS, and	)
JEROME McDONALD,	)
	)
    Plaintiffs,	)
	)  Civil No. **07-807-GPM**
v.	)
	)
**ALTON & SOUTHERN**	)
**RAILWAY COMPANY,**	)
	)
    Defendant.	)

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Defendant's Motion to Compel Answers to Interrogatories. **(Doc. 26)**. Plaintiffs filed a response at **Doc. 29**, and defendants filed a reply at **Doc. 30.**

The issue here is how to count the subparts of defendant's interrogatories. Plaintiffs contend they are "discrete" and should be counted as separate interrogatories. If so, defendant has exceeded the limit of 25 interrogatories set in Fed.R.Civ.P. 33(a)(1). This is an issue which should have been resolved by the parties without court intervention.

The three plaintiffs are current or former employees of defendant. They allege unlawful employment practices on the basis of race and retaliation under Title VII. They also allege intentional infliction of emotional distress.

Defendant served a separate set of interrogatories on each plaintiff. The set directed to plaintiff McDonald contained 22 numbered interrogatories. McDonald answered the first 11 questions, and part of number 12. The sets directed to Jackson and Rogers each contained 19

1

numbered interrogatories. Jackson and Rogers each answered the first 12 questions. As to the objections that were not answered, each plaintiff (represented by the same counsel) objected that the interrogatories exceed "the number of allowable interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure." **See, exhibits attached to Doc. 26.**

Rule 33(a)(1) does not define "discrete subpart." The Advisory Committee Notes to the 1993 Amendments state:

> Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Both parties cite various district court opinions, which may be illustrative, but are not authoritative precedent. See, ***Howard v. Wal-Mart Stores, Inc.*, 160 F.3d 358, 359 (7th Cir.1998)**. This court utilizes a common sense, rather than overly technical, approach to construing subparts of interrogatories. This is in line with the approach recommended in **Wright & Miller,** *Federal Practice and Procedure*, **§2168.1**, that is, if the subparts are "directed at eliciting details concerning a common theme," the subparts should be counted together as one interrogatory.

According to plaintiffs' response to the motion, "The parties dispute the count for Interrogatory Nos. 1, 5, 6, 8, 10, 11 (as to Plaintiff McDonald) and 12." **Doc. 29, p. 3**. The court has examined those interrogatories, and finds that the subparts of each do not seek information about discrete separate subjects. For example, interrogatory number 1 refers to plaintiffs' claim that they were subjected to "a pattern and practice of disparate treatment with respect to

2

discipline, reprimands, warnings and assignment of duties," and asks each plaintiff to identify all persons who have relevant knowledge, identify all persons who subjected plaintiff to a pattern and practice of disparate treatment, and to describe the acts and omissions which comprise the "pattern and practice." Plaintiffs count this as "three (or arguably four) separate interrogatories." The court disagrees. All of the subparts are aimed at eliciting details about the allegation of a pattern and practice of disparate treatment.

The court will not belabor the point. Each of the disputed interrogatories concerns only one subject, and the subparts do not seek information about discrete separate subjects. In any event, in view of the breadth of the allegations of the complaint, the court would have granted defendant leave to propound more than 25 interrogatories had defendant so moved.

Upon consideration and for good cause shown, Defendant's Motion to Compel Answers to Interrogatories **(Doc. 26)** is **GRANTED**. Plaintiffs shall answer all of defendant's interrogatories by **July 21, 2008.**

**IT IS SO ORDERED.**

DATE: July 11, 2008.

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**